(R.D. 11203)

INTERNATIONAL PACKERS, LIMITED v. UNITED STATES

Entry Nos. 11385; 11524; 11525.

(Decided July 7, 1966)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement recited in schedule "A," attached to and made a part of this decision, have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED, by and between the attorneys for the parties hereto, subject to the approval of the court:

That the appeals for reappraisement listed in Schedule "A" hereto attached and made a part hereof are limited to canned meat products exported from Argentina during the period January 1, 1959 to and including December 31, 1959 and are abandoned as to all other merchandise.

That the involved merchandise was entered or withdrawn from warehouse, for consumption after the effective date (February 27, 1958) of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165).

That the merchandise described in Schedule "B" hereto attached and made a part hereof is not identified on the Final List published by the Secretary of the Treasury pursuant to the said Simplification

Act (T.D. 54521); that the said merchandise described in Schedule "B" was appraised under Section 402(b) of the Tariff Act of 1930, as amended.

That with regard to the said merchandise described in said Schedule "B," the merchandise and the issues are similar in all material respects to those involved in *International Packers Limited* v. *United States*, Reap. Dec. 11147; that the record in the said cited case may be incorporated herein.

That the appraiser, in computing export value under Section 402(b), included as an element of such value an amount representing the so-called Argentine retention tax; that the periods of exportation and the appraised and claimed export values per dozen tins net packed of the merchandise within the respective exportation periods, are as recited in said Schedule "B"; that the allowance for the so-called Argentine retention tax represents the difference between the appraised and claimed values in each instance.

That the said Argentine export or "Retention" charge involved in these appeals is the same in all material respects as the charges involved in Reap. Dec. 11147 and in *International Packers, Ltd.* v. *United States*, Reap. Dec. 10696, which record was incorporated in the former case.

That the appeals for reappraisement listed in Schedule "A" are submitted for decision on the incorporated record and this stipulation.

Accepting this stipulation as an agreed statement of facts and on authority of the decisions cited therein, I find and hold that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (T.D. 54165), effective on the dates the merchandise was entered or withdrawn from warehouse for consumption, is the proper basis for determining value of the canned meat exported from Argentina during the period January 1, 1959, through December 31, 1959, described on the invoices of the entries covered by the appeals for reappraisement recited in schedule "A," and that such values per dozen tins, net packed, are the respective values shown as plaintiff's claimed values on schedule "B," attached to and made a part of this decision, for the respective products and sizes of container described on the invoices and as stated in each entry and recited in said schedule "B," during those periods which correspond to the time of exportation of the canned meat covered by the appeals for reappraisement recited in schedule "A."

As to all other merchandise, these appeals for reappraisement, having been abandoned, are dismissed.

Judgment will be entered accordingly.